■ LORRAINE CARLAN, Respondent, v ANDREW E. CARLAN, Appellant.—Motion by the appellant for reargument of appeals from a judgment and amended judgment of the Supreme Court, Nassau County (Robbins, J.), entered February 8, 1983 and October 14, 1983, respectively, which were decided by decision and order of this court, both dated August 20, 1984 [104 AD2d 434], as amended.

Ordered that the motion is granted to the extent that the decision and the order of this court, both dated August 20, 1984, as amended, are recalled and vacated, and the following is substituted therefor:

In a matrimonial action, the defendant husband appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered February 8, 1983, which, *inter alia,* after a nonjury trial, granted the plaintiff wife a "conversion" divorce, custody of the parties' infant children, exclusive possession of the marital premises, child support in the sum of $300 per month, fixed defendant's rights to visitation with the children, and which, in effect, dismissed defendant's counterclaims for divorce based on adultery and cruel and inhuman treatment. The appeal brings up for review an amended judgment of the same court, entered October 14, 1983 *(see,* CPLR 5517 [b]).

Appeal from the judgment entered February 8, 1983 dis-

missed, without costs or disbursements. That judgment was superseded by the amended judgment entered October 14, 1983.

Amended judgment entered October 14, 1983 reversed, on the law, without costs or disbursements, judgment entered February 8, 1983 vacated and matter remitted to the Supreme Court, Nassau County, for a trial on the defendant husband's counterclaims for divorce and ancillary issues; pending that determination, entry of judgment in favor of the plaintiff on her cause of action for a conversion divorce is stayed.

The parties entered into a written agreement in 1980, and the plaintiff wife commenced her action for a "conversion" divorce in 1981. In his amended answer, the defendant husband interposed counterclaims for a divorce based on cruel and inhuman treatment and adultery. However, at trial, the court precluded defendant from offering evidence with respect to · his counterclaims, holding that they would be rendered moot once plaintiff's entitlement to a "conversion" divorce had been established. This was error. Although the plaintiff wife established her entitlement to a "conversion" divorce, defendant should not have been deprived of his right to have a trial on his counterclaims for divorce (*Zaccai v Zaccai,* 99 AD2d 830).

We have considered the remaining contentions raised by defendant and find them to be without merit. Mollen, P. J., Mangano, Bracken and Weinstein, JJ., concur.